## Commonwealth v. Hanley et al.

*James F. Ryan*, assistant city solicitor, for Commonwealth.

*Harrison G. Kildare*, for defendants.

FLOOD, J., October 18, 1938.—Defendants in these two cases were charged with violating the Philadelphia ordinance prohibiting parking between 3:00 and 5:00 a. m.

There is no question that this ordinance was violated. The magistrate imposed a fine and costs and each of the defendants appealed therefrom.

Defendants claim that the ordinance cannot be enforced against them since no notice was posted at the intersection of the street upon which their cars were parked with other streets as required by section 1106 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 5, 1937, P. L. 1718, sec. 11, 75 PS §682. This section reads:

"Local authorities, in their respective jurisdiction, may cause official signs, in accordance with section one thousand one hundred and five of this act, to be erected and maintained, as may be appropriate, to give notice of legal parking and other local ordinances, rules and regulations. Local parking and other local ordinances, rules, and regulations shall not be enforceable against an alleged violator, if, at the time and place of the alleged violation, an official sign, giving notice thereof, is not posted conspicuously by the municipalities making the same, at points where any highway affected thereby joins other highways."

The only case upon the subject is Commonwealth v. Moore, 37 Dauph. 38 (1933). In that case the Quarter Sessions Court of Dauphin County held that a city-wide ordinance of the City of Harrisburg, prohibiting parking more than six inches from the curb, was unenforcible because no notices were posted in accordance with this section. The matter was remedied, as suggested by Judge Wickersham, by an amendment to section 1020 of the code prohibiting this sort of parking anywhere in the State. Section 1020 of The Vehicle Code, as amended by the Act of July 16, 1935, P. L. 1056, sec. 32, 75 PS §612, also regulates parking in very many other respects, but makes no reference to all-night parking and contains no provision prohibiting parking at any particular time. In view of the statute and the case construing it, even a city-wide ordinance regulating parking is unenforcible as

against a violator when no signs are posted at the required intersection.

I am not unmindful of the fact that at common law "every unauthorised obstruction of a highway, to the annoyance of the King's subjects, is an indictable offence. . . . The King's highway is not to be used as a stable-yard": Rex v. Cross, 3 Camp. 227, 170 Eng. Repr. 1362, 1363 (1812). See also, 4 Blackstone's Commentaries (Lewis' ed.) p. 167, n. 23. It is obvious that all-night parking constitutes a nuisance in Philadelphia's highways when we consider what might, and will no doubt, happen in the narrower streets of the city which are fully built up, without the protection of this ordinance. The residents of the street may use both sides thereof for parking purposes overnight. Any passage through the street will then be obstructed and the police, and more particularly the firemen, will be very seriously hampered in the performance of their duties in protecting the citizens against crime and fire. It is idle to say that all-night parking is not, in a city such as Philadelphia, a common-law nuisance merely because situations might readily be conceived in the outlying sections of the city on broad highways where all-night parking might not be an obstruction.

It may be that defendants' acts constitute a nuisance at common law and are also criminal offenses as defined by the Act of March 31, 1860, P. L. 382, sec. 73, 18 PS §1641. Defendants therefore might have been indicted and punished under that act. Moreover the nuisance might have been summarily abated by removing the cars from the street and defendants might later be compelled to pay any cost incurred in abating the nuisance.

The present proceedings, however, were not under the Act of 1860, supra, nor were they common-law proceedings. This was an attempt to enforce the ordinance by proceeding summarily and the ordinance is not enforcible against defendants since their offense was committed at a point where it was not effective because of the ab-

sence of signs at the intersection of the highway affected with other highways.

The appeal in each case is sustained and defendants discharged.